967 So.2d 1137 (2007)
Carlene T. KINCHEN
v.
The LIVINGSTON PARISH COUNCIL, et al.
No. 2007-C-0478.
Supreme Court of Louisiana.
October 16, 2007.
Harrison Law Firm, Robert H. Harrison, Jr., Denham Springs, for Applicant.
Fayard & Honeycutt, D. Blayne Honeycutt, New Orleans, for Respondent.
TRAYLOR, Justice.
We granted this writ application in order to determine whether the courts below properly sustained an exception of no cause of action. For the reasons which follow, we reverse the decisions of the courts below.
FACTS and PROCEDURAL HISTORY
On July 22, 2004, the Livingston Parish Council (the Parish) passed an ordinance which purported to require the payment of a documentary transaction tax upon execution by parties of any instrument affecting immovable property located in the parish.[1] On May 26, 2005, after the Louisiana Department of Justice issued Opinion No. 04-0381, which concluded that the ordinance violated the Louisiana Constitution, the Parish suspended enforcement of the ordinance.
On April 29, 2005, Carlene T. Kinchen (Kinchen) filed a class action petition for declaratory judgment and damages, alleging that the ordinance was unconstitutional, that the assessment and collection of the tax was unlawful, and demanding unspecified damages on behalf of a putative class consisting of aggrieved taxpayers. On July 21, 2005, the Parish filed exceptions of no cause of action and prescription, seeking dismissal of the recovery portion of the action. After hearing the arguments of the parties, the *1138 District Court sustained the Parish's exceptions of no cause of action and prescription and dismissed the recovery portion of the suit. Thereafter, Kinchen filed a timely devolutive appeal with the Court of Appeal, which affirmed the decision of the trial court with respect to the exception of no cause of action on February 9, 2007.[2] This Court then granted the plaintiff's writ.

STANDARD OF REVIEW
This Court explained the standard of review of the sustainment or denial of a peremptory exception of no cause of action in Fink v. Bryant, XXXX-XXXX, (La.11/29/01), 801 So.2d 346:
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this Court should subject the case to de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. (Citations omitted).
Fink, 801 So.2d at 348-9.

DISCUSSION
The courts below determined that, because La. R.S. 47:2110 contains the exclusive remedy for testing the validity of the documentary transfer tax and because the appellant's petition failed to allege that she had followed the procedures contained in that statute, the petition failed to state a cause of action and the Parish's exception of no cause of action would lie.
Kinchen argues, however, that La. R.S. 47:2110 does not control, as it is applies only to ad valorem taxes and not to other taxes such as the tax at issue. If the statute does indeed apply only to ad valorem taxes, and does not, then, provide the exclusive remedy for protesting other types of taxes such as the documentary transfer tax at issue, then Kinchen need not have pled in her petition the procedures contained within the statute, and the courts below erred in sustaining the Parish's exception of no cause of action.
The version of La. R.S. 47:2110 which was in force at the time the documentary transfer tax was promulgated and the suit was filed reads as follows:
A. (1) No court of this state shall issue any process whatsoever to restrain or render any decision that shall have the effect of impeding the collection of an ad valorem tax imposed by the state, or by any political subdivision thereof, under authority granted to it by the legislature or by the constitution.

*1139 (2)(a)(i) Any public service property taxpayer resisting the payment of any amount of tax due or the enforcement of any provision of the tax law in relation thereto, shall timely pay the amount due to the officer designated by law for the collection of such tax and shall give him, the parish or district assessor, and the Louisiana Tax Commission written notice at the time of payment of his intention to file suit for the recovery of such tax. If a suit is timely filed contesting the correctness of the assessment pursuant to R.S. 47:1856 and seeking the recovery of the tax, then that portion of the taxes paid that are in dispute shall be deemed as paid under protest.
(ii) Prior to any disbursement to a governing authority by the officer designated for its collection, he shall first give written notice to such governing authority that the law requires any credit granted to a person to be deducted from the assessment of the year subsequent to a final determination by a court and that, if a company chooses a refund, that the refund must be paid by such tax collector no later than March thirty-first of the year subsequent to the final determination by the court.
(iii) Any funds received as payment of taxes under the provisions of this Subsection may be used by the governing authority only for nonrecurring expenses. The governing authority of any jurisdiction shall not use any such funds for nonrecurring expenses in a manner which will displace, replace, or supplant funds which were otherwise available for such nonrecurring expenses. That portion of the taxes paid by the taxpayer to the officer which is neither in dispute nor the subject of a suit contesting the correctness pursuant to R.S. 47:1998, shall not be made subject to the protest.
(b) The parish or district assessor or the tax commission may have adjudicated or file a rule to show cause compelling a public service property taxpayer who has paid taxes under protest to specify the amount of taxes that the taxpayer deems to be in dispute. The court shall then order the release of any monies that are not shown by the taxpayer to be in dispute.
(c) If the taxpayer which is a public service property taxpayer prevails, the amount shall be credited or refunded in the manner provided for in R.S.47:1856(F). If the taxpayer does not prevail, the taxpayer shall be liable for the additional taxes together with interest as provided for in such Subsection.
(d) The term "any amount of tax due" shall include but not be limited to any amount related to the enforcement of any provision of law related to such tax.
(3)(a) Any other taxpayer which is not a public service property taxpayer resisting the payment of any amount of tax due shall pay the amount due to the officer designated by law for the collection of such tax and shall give him written notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If a suit is timely filed seeking recovery of the tax, then that portion of the taxes paid that are in dispute shall be deemed as paid under protest and such amount shall be segregated and shall be further held pending the outcome of the suit. That portion of the taxes paid by the taxpayer to the officer which is not in dispute shall not be made subject to the protest.
(b) If the taxpayer which is not a public service property taxpayer prevails, the officer shall refund the amount to the taxpayer with interest at the actual rate earned on the money paid under protest *1140 in the escrow account during the period from the date such funds were received by the officer to the date of such refund. If the taxpayer does not prevail, the taxpayer shall be liable for the additional taxes together with interest at the rate set forth above during the period from the date the notice of intention to file suit for recovery of taxes was given to the officer until the date such taxes are paid.
La. R.S. 47:2110 (West 2004).
This Court recently discussed the rules of statutory interpretation in the case of State v. Dick, 2006-2223 (La.1/26/07), 951 So.2d 124:
The function of statutory interpretation and the construction to be given to legislative acts rests with the judicial branch of the government. The rules of statutory construction are designed to ascertain and enforce the intent of the legislature. Legislation is the solemn expression of legislative will and, thus, the interpretation of legislation is primarily the search for the legislative intent. We have often noted the paramount consideration in statutory interpretation is ascertainment of the legislative intent and the reason or reasons which prompted the legislature to enact the law.
The starting point in the interpretation of any statute is the language of the statute itself. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." However, "when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." Moreover, "when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole." (Citations omitted).
Dick, 951 So.2d at 130.
Further:
The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting the law.
* * *
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
Colvin v. Louisiana Patients Compensation Fund Oversight Board, XXXX-XXXX (La.1/17/07), 947 So.2d 15.
Here, the statute in question is ambiguous. In its first sentence, R.S. 47:2110 refers to "ad valorem taxes," only. In its remainder, the statute refers repeatedly to "taxes," without qualification as to whether these taxes are "ad valorem" or otherwise. As written, the statute could be read to explain either the exclusive means of recovering only ad valorem taxes paid under protest, or the exclusive means to recover all taxes paid under protest. Therefore, because the statute is ambiguous and susceptible of different meanings, we must interpret the statute to ascertain the intent of the legislature.
The first reference to "taxes" in La. R.S. 47:2110 is to "ad valorem taxes," providing some evidence that in the context of the *1141 statute, the term "taxes" refers to ad valorem taxes. Further, throughout the balance of the statute, the legislature made repeated references to "property taxpayer[s]." The documentary transfer tax is neither a "property tax" nor an ad valorem tax, and thus, the statute does not apply in this matter.
Because we find that the legislature did not intend for La. R.S. 47:2110 to provide the exclusive remedy for protesting taxes such as the documentary transfer tax at issue, Kinchen need not have pled in her petition the procedures contained within the statute, and the courts below erred in sustaining the Parish's exception of no cause of action.
Further, because the Parish's exception of prescription likewise depended upon the applicability of La. R.S. 47:2110 to the instant suit, that exception also fails. Although the court of appeal did not discuss the exception of prescription, based upon our finding that La. R.S. 47:2110 is inapplicable in this matter and in the interest of judicial economy, this Court finds it unnecessary to remand that issue to the court of appeal.

DECREE
For the foregoing reasons, the decisions of the lower courts are reversed. The matter is remanded to the trial court for disposition in accordance with this decision.
REVERSED AND REMANDED.
KIMBALL and JOHNSON, JJ., concur in result.
NOTES
[1] The validity of the taxing ordinance is not before the Court.
[2] Because the court of appeal found no error in the grant of defendant's exception of no cause of action, the court did not discuss the propriety of defendant's exception of prescription.