# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 08-1275

GLENN M. HEBERT

VERSUS

J. ELISE SHELTON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20065117
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Jimmie C. Peters, Judges.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Thomas Robert Shelton
Shelton Law Firm
P. O. Drawer 52548
Lafayette, LA 70505-2548
Telephone: (337) 237-3000
COUNSEL FOR:
     Defendant/Appellee - J. Elise Shelton

R. Scott Iles
P. O. Box 3385
Lafayette, LA 70502
Telephone: (337) 234-8800
COUNSEL FOR:
     Plaintiff/Appellant - Glenn M. Hebert

**THIBODEAUX, Chief Judge.**

Plaintiff-Appellant, Glenn M. Hebert, brought an action for money due in the amount of $9,074.45 against Defendant-Appellee, J. Elise Shelton. Ms. Shelton is an attorney who hired Mr. Hebert to perform vocational rehabilitation services and to provide a life care plan on behalf of her injured client, Mr. Magnon. The trial court granted Ms. Shelton's exception of no right of action and dismissed Mr. Hebert's claim. Because we find that Mr. Hebert had a legal interest in instituting a suit to recover payments for services performed, we reverse the trial court's granting of the exception of no right of action.

While the hearing was brought to dispose of three other exceptions, the exceptions of vagueness, no cause of action, and prescription, the trial court did not provide for their disposition in its judgment. Those omissions in the trial court's judgment result in a denial of each exception, which we affirm, as more fully set forth below. Mr. Hebert's suit is remanded to the trial court for a full trial on the merits.

I.

## ISSUES

We must decide:

(1)     whether the plaintiff's petition was vague and ambiguous;

(2)     whether the plaintiff's petition stated a cause of action;

(3)     whether the trial court erred in granting the defendant's exception of no right of action; and,

(4)     whether the plaintiff's action is prescribed.

II.

## FACTS AND PROCEDURAL HISTORY

Ms. Shelton hired Glenn Hebert, a vocational rehabilitation counselor, to provide services for her client, Mr. Magnon, who had lost both arms in a work-related accident, though one arm was reattached and had limited use. Mr. Hebert submitted five invoices to Ms. Shelton totaling $9,074.45 for work done between September 2000 and March 2002. None of the invoices was paid. Ms. Shelton's office acknowledged that Mr. Hebert was owed payment on his invoices in a letter dated December 18, 2003, and Ms. Shelton provided assurances of forthcoming payment after settlement of the tort suit in a letter dated January 19, 2006. After receiving no payment on his invoices, Mr. Hebert filed a "Petition for Monies Due" on September 29, 2006.

Ms. Shelton filed a dilatory exception of vagueness, and peremptory exceptions of prescription, no cause of action, and no right of action. The trial court granted the exception of no right of action and declined to rule on the other exceptions. Mr. Hebert appealed the judgment. Ms. Shelton answered the appeal, asking this court to affirm the trial court in granting her exception of no right of action, and, in the alternative, to grant her exception of prescription. Based upon our review, we reverse in part and affirm in part the judgment of the trial court, and remand.

III.

## LAW AND DISCUSSION

### Standard of Review

Appellate review of the trial court's granting of the exception of no right of action is de novo review. *Aucoin v. Fell*, 00-1254 (La.App. 3 Cir. 2/7/01), 779

So.2d 1087. The standard of review for sustaining or denying a peremptory exception of no cause of action is de novo because it raises a question of law. *See, Kinchen v. Livingston Parish Council,* 07-478 (La. 10/16/07), 967 So.2d 1137.

## Exceptions

In the present case, Ms. Shelton filed a dilatory exception of vagueness and three peremptory exceptions, including the exceptions of no cause of action, no right of action, and prescription. At the hearing, Ms. Shelton's attorney indicated that all exceptions, which had been briefed prior to the hearing, could be disposed of by addressing the exception of prescription first. However, when all evidence had been presented, the trial court ruled only on the exception of no right of action.

Where the trial court fails to rule on a demand raised by the pleadings, the silence in the judgment is deemed a rejection of the demand. *Metro Elec. & Maintenance, Inc. v. Bank One Corp.,* 05-1045 (La.App. 3 Cir. 3/1/06), 924 So.2d 446 (citing *Sun Finance Co., Inc. v. Jackson*, 525 So.2d 532 (La.1988)); *VaSalle v. Wal-Mart Stores, Inc*., 01-462 (La. 11/28/01), 801 So.2d 331. Accordingly, in this case, the trial court has effectively denied the exceptions of vagueness, no cause of action, and prescription. We will address those denials, along with the exception of no right of action.

## Exception of Vagueness or Ambiguity of the Petition

Vagueness or ambiguity of the petition is a dilatory exception. La.Code Civ.P. art. 926 (A)(5).

> The exception of vagueness or ambiguity of the petition does not entitle defendants to demand exactitude and detail of pleadings beyond those necessary to place them on notice of the causes of action alleged. *Snoddy v. City of Marksville*, 97-327 (La.App. 3 Cir. 10/8/97), 702 So.2d 890. It is sufficient if Plaintiff's petition fairly informs

3

> Defendants of the nature of the cause of action and includes sufficient substantive particulars to enable them to prepare their defense. *Id.*

*Gray v. State*, 05-617, p. 14 (La.App. 3 Cir. 2/15/06), 923 So.2d 812, 822.

In this case, Mr. Hebert's "Petition for Monies Due" stated that he was a licensed vocational rehabilitation consultant who performed evaluations and submitted a life care plan for Ms. Shelton's client, Caleb Brian Magnon, on five specific dates. Mr. Hebert provided the exact dates, a description of the service provided on each date, an amount charged for each service on each date, and a total amount due. He asserted that he had presented a certified demand, attaching it to his petition, and that he had not been paid the amount due. Mr. Hebert included in his petition a prayer for the amount due and for attorney fees of at least twenty-five percent. We find that Mr. Hebert provided sufficient detail to put Ms. Shelton on notice of the cause of action against her. Moreover, in addition to finding that the pleading itself is not ambiguous, in this case, the record contains clear evidence of itemized bills and correspondence between the parties well in advance of the filing of suit that defeats any argument that Ms. Shelton was not notified of Mr. Hebert's claim against her. We, therefore, affirm the tacit denial of the exception of vagueness.

**Peremptory Exception of No Cause of Action**

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the

4

> well-pleaded facts in the petition must be accepted as true. . . . . [A] petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.

*Kinchen*, 967 So.2d at 1138 (citations omitted).

Mr. Hebert filed an unambiguous petition for a specific amount of money owed, $9,074.45. He provided detailed facts including the names and professional relationships between the parties, the manner in which the indebtedness arose, and the amount of the indebtedness. Accordingly, where our Louisiana codes provide for various actions for the recovery of compensation for services rendered and actions on open accounts (see La.Code Civ.P. art. 74.4; La.R.S. 9:2781; La.Civ.Code art. 3494; and various articles on obligations), Mr. Hebert stated a cause of action for money owed. Consequently, we affirm the trial court's tacit denial of this exception as well.

**Peremptory Exception of No Right of Action**

The exception actually granted in this case was Ms. Shelton's exception of no right of action. At the hearing on the exceptions, Elise Shelton testified that, following Mr. Magnon's accident on December 2, 1999, she asked Mr. Hebert to examine Mr. Magnon for vocational rehabilitation because the workers' compensation insurer was not providing that service. She then testified that in October 2000, she had filed a claim with the workers' compensation carrier for the payment of Mr. Hebert's services up to that point, and the claim was denied. The record indicates that the workers' compensation carrier had consented to the tort settlement, handled by Ms. Shelton's father, in March 2005, but that compensation issues were still in dispute. The trial court stated that Ms. Shelton handled only the workers' compensation portion of the case, that those claims were still pending, and

5

that Mr. Hebert's claim for money owed was premature. This finding apparently formed the basis of the trial court's granting of the exception of no right of action.

Mr. Hebert assigns as error the trial court's granting of Ms. Shelton's exception of no right of action. He asserts that it was, in reality, the granting of an exception of prematurity, which was not before the court, and which was waived because it not pled, pursuant to La.Code Civ.P. art. 926(B). We agree with that portion of Mr. Hebert's argument. The dilatory exception of prematurity must be pled prior to, or along with, the answer to the suit or it is waived. La.Code Civ.P. arts. 926 and 928. In this case, Ms. Shelton filed a total of seven exceptions, three of which were denied in a previous judgment. None of the exceptions filed was an exception of prematurity. Therefore, the prematurity defense was waived.[1]

However, implicit in the court's ruling was also a finding that Mr. Hebert's recourse for recovery of his payment was under the Workers' Compensation Act, and not against Ms. Shelton. Mr. Hebert argues that this was error because he had no recourse under the Act where he was hired independently by Ms. Shelton. He further argues that the bulk of his billing was for a life care plan which is not recoverable under the workers' compensation statutes. Mr. Hebert is partially correct. His bills for vocational rehabilitation are not recoverable under the Act because Ms. Shelton hired him independently and of her own accord. As a workers' compensation attorney, Ms. Shelton should have been aware that vocational rehabilitation counselors must first be designated by the insurer/employer *and* approved by the Office of Workers' Compensation, or their services will not be covered by statute.

---

[1]Mr. Hebert also argued that the trial court erred in granting an exception of no right of action based upon prematurity, instead of granting his motion for involuntary dismissal of the exception of prescription under La.Code Civ.P. art. 1672, because he would have had the opportunity to present evidence on the prescription issue under La.Civ.Code art. 931. We disagree. Article 1672 is in Title V entitled "Trial" and refers to the dismissal of an action, not the dismissal of an exception. The articles on "Exceptions" appear in Chapter 3 of Title I of the Code of Civil Procedure. Moreover, the record contained all evidence necessary to address the prescription issue.

La.R.S. 23:1226(C); *J.E. Merit Constructors, Inc. v. Hickman*, 99-1389 (La.App. 3 Cir. 3/1/00), 758 So.2d 320, *reversed in part on attorney fees only,* 00-943 (La. 1/17/01), 776 So.2d 435; *Robert Sepulvado Logging, Inc. v. Sepulvado*, 05-1630 (La.App. 3 Cir. 5/31/06), 931 So.2d 528.

As to the life care plan, we have held that, while the life care plan is not a recoverable expense under La.R.S. 23:1226, it may be recovered under La.R.S. 23:1203(A) where the employer has a duty to furnish all necessary medical and non-medical services.[2] *Williamson v. CIGNA/Insurance Co. of North America*, 595 So.2d 325 (La.App. 3 Cir.), *writ denied*, 596 So.2d 197 (La.1992). Therefore, all of Mr. Hebert's bills were potentially recoverable under the Act, but not by Mr. Hebert; rather, they were recoverable *by Ms. Shelton as Mr. Magnon's attorney*. Ms. Shelton should then have a first privilege recourse against her client, Mr. Magnon, for her expenses, including the litigation expenses for the services of a vocational rehabilitation counselor.[3]

---

[2]§ 1203. Duty to furnish medical expenses; prosthetic devices; other expenses

A. In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services. All such care, services, and treatment shall be performed at facilities within the state when available. The obligation of the employer to furnish such care, services, treatment, drugs, and supplies, is limited to the reimbursement determined to be the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies, as determined under the reimbursement schedule annually published pursuant to R.S. 23:1034.2 or the actual charge made for the service, whichever is less.

[3]The medical expenses and litigation-related costs advanced by a workers' compensation claimant's attorney are part of the attorney's fee as determined in the attorney's privilege statutes, providing the attorney with a superior privilege over that of the statutory lien available to the workers' compensation insurer for those sums it had provided. La.R.S. 23:1103 and 37:218. *See Theodile v. RPM Pizza, Inc.*, 03-987 (La.App. 3 Cir. 2/4/04), 865 So.2d 980.

7

However, this is not an appeal of a workers' compensation claim. The cause of action herein is against Ms. Shelton for non-payment of money due on professional services rendered. Ms. Shelton admitted hiring Mr. Hebert for professional vocational rehabilitation services. Under La.Code Civ. P. art. 927(A)(5), the peremptory exception of no right of action tests whether the plaintiff has an interest in enforcing an action or the capacity to bring the action. *Sanders v. Gore*, 95-660 (La.App. 3 Cir. 7/10/96), 676 So.2d 866, *writ denied,* 96-2072 (La. 11/15/96), 682 So.2d 762. It tests whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Turner v. Busby*, 03-3444 (La. 9/9/04), 883 So.2d 412.

Here, where the cause of action is nonpayment for professional services rendered, and the petition seeks to recover money due, it is clear that Mr. Hebert, who allegedly provided those services on various occasions, is the party possessing the right to bring the action. The trial court's granting of the exception of no right of action is reversed.

**Peremptory Exception of Prescription**

Elise Shelton answered Mr. Hebert's appeal in this case, asking us to affirm the judgment granting her exception of no right of action or, in the alternative, to grant her exception of prescription. Ms. Shelton contends that Mr. Hebert's claim is prescribed, pursuant to La.Civ. Code art. 3494, because *all* work performed by him was completed more than three years before he brought suit. Mr. Hebert asserts that Ms. Shelton's acknowledgment of the debt for services interrupts prescription under La.Civ.Code art. 3464. Those articles are properly cited and provide in pertinent part as follows:

8

**Art. 3494: Actions subject to a three-year prescription**

The following actions are subject to a liberative prescription of three years:

(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees . . . money. . .;

. . . .

(4) An action on an open account.

**Art 3464. Interruption by acknowledgment**

Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.

Revision Comment (e) provides:

(e) Louisiana jurisprudence is settled that an acknowledgment interrupting liberative prescription may be oral or written, formal or informal, and express or tacit. See *Lake Providence Equipment Co. v. Tallulah Production Credit Ass'n*, 257 La. 104, 241 So.2d 506 (1970).

Mr. Hebert submitted bills to Ms. Shelton as follows:

| | | |
|---|---|---|
| 9/20/00 | Vocational Rehabilitation Services | $ 375.00 |
| 11/2/00 | Life Care Plan | $5,250.00 |
| 1/11/01 | Vocational Rehabilitation Services | $ 720.00 |
| 3/04/02 | Vocational Rehabilitation Services | $ 629.45 |
| 9/21/04 | Vocational Evaluation | $2,100.00 |
| Total | | $9,074.45 |

Mr. Hebert filed suit on September 29, 2006. On December 18, 2003, in response to Mr. Hebert's letter six days prior, Ms. Shelton's office sent a letter to Mr. Hebert's attorney stating that, "Mr. Hebert's services were rendered to Mr. Magnon in his Workers' Compensation claim and third party action." It further stated that the bills had been submitted to and denied by the Workers' Compensation carrier, which denial would be addressed in an upcoming hearing the following month. The letter also stated that compensation for Mr. Hebert's work was of the utmost concern,

and that all necessary efforts would be made to ensure that he was paid. Hence, the letter was an acknowledgment under Article 3464 sufficient to interrupt prescription as to some of the bills.[4]

However, we find that none of Mr. Hebert's bills had prescribed under the applicable doctrine of *contra non valentem.* In *Cole v. Celotex Corp*, 620 So.2d 1154, 1157 (La.1993), the Louisiana Supreme Court articulated as follows:

> The doctrine of *contra non valentem agere nulla currit praescriptio* prevents the running of liberative prescription where the cause of action is not known or reasonably knowable by the plaintiff. It is often difficult to identify a precise point in time at which the claimant becomes aware of sufficient facts to begin the running of prescription. *In re Medical Review Panel of Howard*, 573 So.2d 472 (La.1991).
>
> In *Jordan v. Employee Transfer Corp*., 509 So.2d 420 (La.1987), we stated:
>
>> Prescription will not begin to run at the earliest possible indication that a plaintiff may have suffered some wrong. Prescription should not be used to force a person who believes he may have been damaged in some way to rush to file suit against all parties who might have caused that damage. On the other hand, a plaintiff will be responsible to seek out those whom he believes may be responsible for a specific injury.
>>
>> When prescription begins to run depends on the reasonableness of a plaintiff's action or inaction. *Jordan*, 509 So.2d at 423.

In the present case, Mr. Hebert provided vocational rehabilitation services and developed a Life Care Plan for Ms. Shelton's client, who had lost his arms. While Ms. Shelton and her attorney/father attempted at the hearing to attribute

---

[4]While the letter was written by Ms. Shelton's secretary, the trial court found, and we agree, that it bound Ms. Shelton under the laws on agency. Additionally, while the letter states that compensation would be in accordance with an original agreement that the bills would be held by Mr. Hebert during the pendency of Mr. Magnon's workers' compensation claim, the letter indicates services rendered on the compensation claim *and* the third party claim, i.e., the tort suit.

all of Mr. Hebert's work to the workers' compensation claim, Mr. Hebert testified that he told Ms. Shelton that he did not do workers' compensation cases. Mr. Hebert, a 58-year old vocational rehabilitation counselor, life care planner, and medical case manager, with twenty-seven years of experience, further testified that he was told that he would be paid an hourly rate for his services when the case settled. Our research reveals that the overwhelming majority of the cases involving life care plans are not workers' compensation cases; rather, the life care plan is most often used to show an element of damages for future care costs in a tort suit.

The Louisiana Supreme Court has identified four situations in which the doctrine of *contra non valentum* may apply:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>
> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
>
> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
>
> (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.

*Whitnell v. Menville*, 540 So.2d 304, 308 (La.1989) (citations omitted).

In the present case, we find that situations two (2), three (3), and four (4) apply in favor of Mr. Hebert. The condition of the settlement of the tort suit satisfies conditions (2) and (4), and the reassurances given by Ms. Shelton satisfy condition number (3). In addition to the letter of December 18, 2003, Ms. Shelton also wrote to Mr. Hebert's attorney on January 19, 2006, stating that settlement [of the tort suit] had been agreed upon as of March 31, 2005, but no documents had been signed, nor

11

had there been an approval from the Office of Workers' Compensation. The January 2006 letter specifically stated, "As soon as any monies are being disbursed in this matter, Mr. Hebert's outstanding invoices will be disbursed." Accordingly, we find that the earliest time at which Mr. Hebert could have known that he might have to bring a suit to get paid for his services was well after the letter of assurance dated January 19, 2006. Where Mr. Hebert filed suit eight months later, in September of 2006, he was well within the three-year prescriptive period of La.Civ.Code art. 3494.

IV.

## CONCLUSION

Based upon the foregoing, and for the reasons set forth fully in this opinion, the judgment of the trial court granting the exception of no right of action is reversed. The trial court's implicit denial of the exceptions of prescription, no cause of action, and vagueness or ambiguity are affirmed. The case is remanded for trial on the merits.

All costs of this appeal are assessed against the defendant, Elise Shelton.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**