NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-611

FINANCIAL INDEMNITY COMPANY

VERSUS

MARK & MICHELLE GAGNARD, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 233,674
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Billy Howard Ezell, Judges.

REVERSED AND REMANDED.

Russell L. Potter
Stafford, Stewart, & Potter
P. O. Box 1711
Alexandria, LA 71309
(318) 487-4910
Counsel for Plaintiff/Appellant:
Financial Indemnity Company

**David Charles Laborde**
**The LaBorde Law Firm L.L.C.**
**P. O. Box 80098**
**Lafayette, LA 70598-0098**
**(337) 261-2617**
**Counsel for Defendants/Appellees:**
**Mark & Michelle Gagnard**

**Ricky & Deanna Gaspard**
**In Proper Person**
**580 Gaspard Laborde**
**Marksville, LA 71351**

**EZELL, JUDGE**.

Financial Indemnity Company (FIC) appeals the decision of the trial court granting exceptions of no cause of action and improper venue in favor of Mark and Michelle Gagnard. For the following reasons, we reverse the decision of the trial court and remand this matter for further proceedings.

On July 25, 2008, Deanna Gaspard was driving in Rapides Parish when she lost control of her vehicle and struck two trees. Kelsie Gagnard, the Gagnards minor daughter and a passenger in the vehicle, was severely and permanently injured as a result of the accident. Ms. Gaspard had been insured by FIC, but allegedly had her policy cancelled in March of 2008 due to non-payment of premiums. FIC filed the current action for declaratory judgment asking the Rapides Parish trial court to declare that its policy was not in effect at the time of the accident and that it had no liability arising from it. The Gagnards subsequently filed a personal injury action against Ms. Gaspard and FIC in Avoyelles Parish in connection with the accident. In the current matter, they filed exceptions of no cause of action and improper venue, which the trial court granted, dismissing FIC's claim with prejudice. From that decision, FIC appeals.

FIC asserts four assignments of error on appeal. It first claims that the trial court erred in granting the Gagnards exception of no cause of action and improper venue. Because we agree that the trial court erred in granting these exceptions, we need not address the remaining assignments of error.

The standard of review for sustaining or denying a peremptory exception of no cause of action is de novo because it raises a question of law. *See Kinchen v. Livingston Parish Council*, 07-478 (La. 10/16/07), 967 So.2d 1137. "If the petition alleges sufficient facts to establish a cause of action cognizable in law, the exception

1

raising the objection of no cause of action must fail." *Walton Constr. Co., L.L.C. v. G.M. Horne & Co., Inc.*, 07-145, p. 6 (La.App. 1 Cir. 2/20/08), 984 So.2d 827, 832. "A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief." *Pelts & Skins, L.L.C. v. La. Dep't of Wildlife and Fisheries*, 05-952, p. 8 (La.App. 1 Cir. 6/21/06), 938 So.2d 1047, 1053, *writ denied*, 06-1821 (La. 10/27/06), 939 So.2d 1281. "Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated." *Walton*, 984 So.2d at 832.

FIC claims, in its petition, that it cancelled the Gaspard policy effective March 24, 2008, and that it was entitled to a declaration that it had no obligation to provide coverage for the Gaspards for any claims arising from the July 2008 accident. The petition alleges specific facts concerning the cancellation to support its claim for relief, and these alleged facts are capable of being proven. Moreover, La.Code Civ.P. art. 1880 requires that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the FIC proceeding." It cannot be denied that the Gagnards have an interest in the declaratory action, as they have a pending claim against the insurer which would dissipate should this action be granted. FIC was required to make them parties to this declaratory action, and the record shows that FIC has a cause of action against them in this matter. The trial court erred in granting the Gagnards' exception of no cause of action.

As above, venue is also a question of law that the appellate court reviews de novo. *Price v. Roy O. Martin Lumber Co.*, 04-227, 03-2647, 03-2669, 03-2670, 03-

2

2671 (La.App. 1 Cir. 4/27/05), 915 So.2d 816, *writ denied*, 05-1390 (La. 1/27/06), 922 So.2d 543. The general rules of venue are set forth in La.Code Civ.P. art. 42(1), which states that "[a]n individual who is domiciled in the state shall be brought in the parish of his domicile . . . ." However, this general rule of venue is subject to the exceptions in La.Code Civ.P. arts. 71 through 85 and as otherwise provided by law. La.Code Civ.P. art. 43. Among these exceptions is La.Code Civ.P. art. 76, which states, in pertinent part, that "[a]n action on a health and accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident or illness occurred."

While it may be far more convenient for the Gagnards for FIC to have filed this declaratory action in Avoyelles Parish, FIC chose to file in Rapides Parish. Moreover, FIC filed in Rapides roughly one month before the Gagnards filed their suit in Avoyelles Parish. The Gagnards were free to file a motion to transfer the case to Avoyelles Parish to consolidate the matters there; however, they chose to seek an exception of improper venue rather than to seek a transfer of the action. This was a mistake, as it seems a transfer would not only be possible, but would, in fact, have been probable. Nonetheless, it is clear that the accident injuring Kelsie Gagnard occurred in Rapides Parish. Therefore, under La.Code Civ.P. art. 76, Rapides is a proper venue for this action and the trial court erred in granting the exception of improper venue.

The decision of the trial court granting exceptions of no cause of action and improper venue are hereby reversed. This case is remanded to the trial court for further proceedings in accordance with this ruling. Costs of this appeal are hereby assessed against the Gagnards.

3

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.

4