# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 10-1039

MIKE SALEM, ET AL.

VERSUS

CITY OF ALEXANDRIA

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 232,616
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
### CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Richard Alan Rozanski**
**Wheelis & Rozanski, APLC**
**P. O. Box 13199**
**Alexandria, La 71315-3199**
**Telephone:  (318) 445-5600**
**COUNSEL FOR:**
　　**Defendant/Appellee - City of Alexandria**

**Thomas D. Davenport Jr.**
**The Davenport Firm, APLC**
**1628 Metro Drive**
**Alexandria, LA 71301**
**Telephone:  (318) 445-9696**
**COUNSEL FOR:**
　　**Plaintiffs/Appellants - Mike Salem and Unlimited Service Center,**
　　**Inc.**

**THIBODEAUX, Chief Judge.**

In this zoning enforcement case, Appellants, Mike Salem and Unlimited Service Center, Inc. (Unlimited), assert that the trial court erred by granting the City of Alexandria's exception of no cause of action. The trial court dismissed Appellants' petition for declaratory judgment because it found that Appellants failed to state a cause of action. The trial court further found that the City's right to enforce its zoning ordinances had not prescribed. Finally, the trial court lifted a stay of criminal proceedings against Salem. For the following reasons, we affirm.

I.

**ISSUE**

We shall consider whether in this zoning violation case Appellants failed to state a cause of action where Appellants alleged their business was "grandfathered" in so as to comply with the current zoning code, enacted in 1992, where Appellants allegedly operated the business in the manner violating the City's zoning code since 2002.

II.

**FACTS AND PROCEDURAL HISTORY**

This matter began with the zoning enforcement proceedings the City of Alexandria instituted against Salem in Alexandria City Court. Allegedly, Salem, the owner of Unlimited, operated a business that serviced and repaired automobiles since 2002. In 2003, the City of Alexandria issued a certificate of zoning compliance to Unlimited. The certificate indicated Unlimited's compliance with B-3 zoning classification, a service station.

In 2004, some concerned citizens complained to the City that Unlimited was not operating just a service station, but was using the property as a junkyard and

body shop. After an inspection of the property, the City noted several zoning violations, including the use of a portable sign, the lack of a buffering structure, and the use of property as a junkyard, mechanic shop, auto storage, and body shop. After sending several letters documenting the violations and receiving no compliance in response, the City instituted criminal proceedings against Salem.

Salem filed a petition for declaratory judgment and a motion to stay the criminal proceedings until the court's final disposition in the civil suit. In his petition, Salem alleged that he continuously owned and operated a business that serviced and repaired automobiles at the same location since October of 2002. Thus, Salem stated, the City of Alexandria "may not enforce a zoning or code ordinance" because Salem's use "is simply a continued use of the property in the manner it has previously been used." Without stating any dates, Salem asserted that another business, Walker Tire, "operated an establishment servicing automobiles." Salem also alleged that the City's enforcement of its zoning code had prescribed under La.R.S. 9:5625 without stating which section of the statute applied. Finally, Salem challenged the constitutionality of the City's zoning code.

The City filed a motion for summary judgment which the trial court denied. The City then filed a peremptory exception of no cause of action which the trial court sustained. The trial court then declared that the City's right to enforce its zoning ordinances had not prescribed. Finally, the trial court lifted the stay of criminal proceedings against Salem. Salem and Unlimited appealed.

2

III.

## STANDARD OF REVIEW

Appellate courts review a grant of the peremptory exception of no cause of action de novo. *Herbert v. Shelton*, 08-1275 (La.App. 3 Cir. 6/3/09), 11 So.3d 1197.

IV.

## LAW AND DISCUSSION

In his brief to this court, Salem alleges that the business of the type Salem has been operating existed at the subject location for over fifty years. Thus, he argues, his business operations should be "grandfathered" in even if he is in violation of the zoning ordinance.

On the other hand, the City argues that to be "grandfathered" in, Salem must have alleged that the property was used in a manner that violated the zoning restrictions prior to the enactment of the restrictive ordinance. Moreover, the City maintains that Salem must have alleged that the use was lawful prior to the enactment of the ordinance. Because the ordinance was enacted in 1992, and Salem alleged no date other than October of 2002 in his petition, the City argues that, on the face of his pleading, Salem has no cause of action for which a relief can be granted.

The exception of no cause of action is designed to test the sufficiency of the plaintiff's petition. *Herbert*, 11 So.3d 1197 (quoting *Kinchen v. Livingston Parish Council*, 07-478, p. 2 (La. 10/16/07), 967 So.2d 1137, 1138). The issue is whether the law affords a remedy to the plaintiff based on the facts the pleading contains. *Id.* No evidence may be introduced to decide this issue, but the well-pleaded facts in the petition must be accepted as true. *Id.* The court should not dismiss an action for failure to state a claim "unless it appears beyond doubt that the

3

plaintiff can prove no set of facts in support of any claim which would entitle him to relief." *Id.* at 1202.

Zoning regulations are designed to group certain classes of buildings in particular locations to promote improvements and to reduce the adverse effects of one type of use on another. *City of New Orleans v. Elms*, 566 So.2d 626 (La.1990). Nonconforming use of property is "[a] use which *lawfully existed prior* to the enactment of a zoning ordinance, and which is maintained after the effective date of the ordinance although it does not comply with the use restrictions applicable to the area in which it is situated." *Redfearn v. Creppel*, 455 So.2d 1356, 1358 (La.1984) (emphasis added). Many municipalities provide for the continuation of nonconforming use to avoid constitutional issues and injustice toward the owner of the property. *Id.* Nevertheless, because the nonconforming use is inconsistent with the objectives of the zoning regulations, it must be viewed narrowly, and doubts must be resolved against the continuation of nonconformity. *Id.*

In his petition, Salem did not allege that the property was used in the presently-nonconforming manner *before* the zoning restrictions went into effect. In fact, the only date Salem alleged was October of 2002, some ten years *after* the zoning ordinance in question was enacted. There is a reference to Walker Tire business in the petition. Nevertheless, Salem stated no dates of that business's operations whatsoever and did not allege that those operations were continuous or lawful.

Because we find that Salem failed to state a cause of action in the petition, we need not address the question of prescription. Furthermore, because Salem failed to brief the constitutional issue, we treat it as abandoned pursuant to Uniform Rules—Court of Appeal, Rule 2-12.4. Also, because Salem himself

4

requested the stay of the criminal proceedings until the final resolution of the civil case, we find no error in the trial court's lifting of the stay after the resolution.

Finally, in its brief to this court, the City requested penalties against Appellants for frivolous appeal. Indeed, we agree with the City that Appellants' position is, at best, legally tenuous. Moreover, this position is accompanied by equally tenuous arguments. Nevertheless, while we are tempted, because the City failed to answer the appeal, we assess no penalties. *See Hilbun v. Hilbun*, 498 So.2d 1127 (La.App. 3 Cir. 1986).

V.

## **CONCLUSION**

The trial court's grant of the City of Alexandria's exception of no cause of action is affirmed. Costs of this appeal are assessed against Mike Salem and Unlimited Service Center, Inc.

**AFFIRMED**.