GUIDRY, ■ Justice,
dissents and assigns reasons.
|J respectfully dissent from the majority’s holding that the plaintiff has asserted a cause of action against her health insurer under either the Health Care and Consumer Billing and Disclosure Protection Act, La. Rev. State. 22:1871 et seq. (commonly known as the “Balance Billing Act”) or La. Civ.Code art. 1977.
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to the plaintiff under the factual allegations of the petition. Kinchen v. Livingston Parish Council, 07-0478 (La.10/16/07), 967 So.2d 1137. Here, the plaintiff seeks to recover damages against her health insurer for her health care provider’s alleged violations of the Balance Billing Act. However, in my view, the legislature has not provided the insured a private right of action under the Balance Billing Act against the health care provider for improper billing or collection practices; therefore, it certainly has not provided the insured with an action against her health insurer for her health care provider’s alleged violation of the Act. As I explained in my dissent in the companion ease of Yana Anderson v. Ochsner Health System and Ochsner Clinic Foundation, 13-CC-2970 (La.7/1/14), — So.3d -, 2014 WL 2937101, (Guidry, J., dissenting), the legislature has expressly provided two remedies for a health care provider’s violations of the Balance Billing Act. Specifically, an insured may file a complaint with the Consumer Protection Division of the Department of [ ¡Justice pursuant to La.Rev.Stat. 22:1877(A)(1), which delegates to the attorney general the discretion to pursue remedies under the Louisiana Unfair Trade Practices Act, La.Rev.Stat. 51:1401 et seq. Alternatively, in the event the health care provider maintains an action at law seeking to enforce a lien against the insured for an amount in excess of the reimbursement rate, the insured is entitled to attorneys fees and costs if the suit is successfully defended. La.Rev.Stat. 22:1874(B).
I also find no merit in the majority’s reliance on La. Civ.Code art. 1977 to circumvent the insured’s lack of privity of contract to support her breach of contract claims. The plaintiff pleaded the provisions of not only her contract with her health insurer, but also the provider agreement between the health insurer and the health care provider. While the majority concedes the insured is not a party to the provider agreement, it suggests by virtue of the insured’s contract with her insurer, who allegedly promised discounted rates, that the insurer has guaranteed the health care provider’s performance of its obligations under the Balance Billing Act. However, there is no promesse de porte-fort as alleged by the insured, because if there is no private right of action for an insured against the health care provider who violates the Act, there can be no cause of action by the insured against the health insurer for its failure to guarantee the performance of the health care provider under the Balance Billing Act.
GUIDRY, J., dissents and assigns reasons.
VICTORY, J., dissents for the reasons assigned by J. GUIDRY.