NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-46

BRANDON L. SMITH

VERSUS

CITY OF MARKSVILLE, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2016-3329-A
HONORABLE KERRY L. SPRUILL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Van H. Kyzar, Judges.

AFFIRMED.

Daniel E. Broussard, Jr.
Broussard, Halcomb & Vizzier
P. O. Box 1311
Alexandria, LA 71309-1311
(318) 487-4589
COUNSEL FOR PLAINTIFF/APPELLANT:
    Brandon L. Smith

Derrick M. Whittington
Whittington Law Firm
P. O. Box 127
Marksville, LA 71351
(318) 253-5852
COUNSEL FOR DEFENDANTS/APPELLEES:
    City of Marksville
    Mayor John E. Lemoine

**KYZAR, Judge.**

The plaintiff, Brandon L. Smith, appeals from a trial court judgment sustaining an exception of no cause of action in favor of the defendants, the City of Marksville and Mayor John H. LeMoine, and dismissing his petition for writ of mandamus. For the reasons set forth herein, we affirm the decision of the trial court.

## FACTS AND PROCEDURAL HISTORY

Smith, a fireman with the Marksville Fire Department, through the City of Marksville, also serves as a volunteer fireman for the Fifth Ward Volunteer Fire Department in Avoyelles Parish. He was injured on February 20, 2016, while fighting a house fire on Highway 114 in Avoyelles Parish and allegedly was unable to return to his employment with the Marksville Fire Department due to complications from smoke inhalation.[1] On July 25, 2016, Smith filed a petition for writ of mandamus and/or declaratory judgment and mandatory injunction against the City of Marksville and Mayor John E. LeMoine (referred to collectively as "Marksville") for sick leave benefits as a fireman pursuant to La.R.S. 33:1995.

Marksville responded by filing exceptions of no cause of action and improper use of summary proceedings. In support of its exceptions, it argued that Smith's petition failed to state a cause of action for mandamus because the action he was requesting it to perform was discretionary in nature. It further argued that by combining the mandamus request with the declaratory judgment request, Smith had improperly combined a summary-process action with an ordinary-process action. Smith thereafter amended his petition to solely plead the demand for a writ of mandamus, omitting the alternate declaratory judgment and mandatory

---

[1] It is unclear whether Smith was working in his capacity as a Marksville Fire Department employee or was engaged as a volunteer fireman at the time of his injuries. However, that determination is not necessary for the disposition of his claims herein.

injunction actions.[2] Following a November 18, 2016 hearing, the trial court sustained Marksville's exception of no cause of action and dismissed Smith's petition for writ of mandamus. This appeal followed.

## ASSIGNMENTS OF ERROR

Smith raises two assignments of error on appeal, as follows:

1.  The decision of the trial court of sustaining the exceptions filed by the defendants and dismissing plaintiff's suit is manifestly erroneous as a matter of law.

2.  The trial court erred in failing to recognize that plaintiff stated a cause of action for a writ of mandamus to be issued against the defendants for an abuse of their discretion.

## ANALYSIS

The standard of appellate review for an exception of no cause of action is well settled. In *Ramey v. DeCaire*, 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 118-19 (citations omitted), the supreme court stated:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

Appellate courts review the grant or denial of a peremptory exception of no cause of action *de novo*. *Salem v. City of Alexandria*, 10-1039 (La.App. 3 Cir. 2/2/11), 56 So.3d 457. Smith argues it was legal error for the trial court to find that he failed to state a cause of action for a writ of mandamus to compel Marksville to grant him sick leave benefits pursuant to La.R.S. 33:199. In his petition, Smith

_____

[2] The amendment of the petition to delete alternate request for declaratory judgment and mandatory injunction rendered the exception of improper use of summary process moot.

2

sought to compel Marksville to pay him sick leave benefits pursuant to La.R.S.

33:1995, which provides as follows:

> Every fireman in the employ of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks.

He argues that this provision imposes a mandatory legal obligation on Marksville,

as opposed to a discretionary or conditional obligation, such that a writ of

mandamus is the proper procedural vehicle to compel compliance therewith. We

disagree.

The remedy of mandamus is not available in matters in which discretion and

the evaluation of evidence must be exercised, even to the slightest degree. *Messer*

*v. Dep't of Corrs., La. State Penitentiary*, 385 So.2d 376, 378 (La.App. 1 Cir.),

*writ denied*, 386 So.2d 1379 (La.1980).

> "Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864." La. C.C.P. art. 3861. Pursuant to La. C.C.P. art. 3863, "[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, . . . [.]" Further, "[a] writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice . . . [.]" La. C.C.P. art. 3862; *Board of Trustees of Sheriff's Pension and Relief Fund v. City of New Orleans*, 02-0640 (La.5/24/02), 819 So.2d 290, 291 ("mandamus is an extraordinary remedy which should be applied only where ordinary means fail to afford adequate relief"). This Court has explained that "mandamus will only issue where the action sought to be compelled is ministerial in nature, i.e., where it contains no element of discretion." *Newman Marchive Partnership, Inc. v. City of Shreveport*, 07-1890 (La.4/8/08), 979 So.2d 1262, 1269; *Hoag v. State*, 04-0857 (La.12/1/04), 889 So.2d 1019, 1023. In *Hoag*, we defined a ministerial duty as a "simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." 889 So.2d at 1024.

*Aberta, Inc. v. Atkins*, 12-61, pp. 2-3 (La. 5/25/12), 89 So.3d 1161, 1163.

3

A fireman only receives the benefits provided by La.R.S. 33:1995 if his injuries or incapacity did not arise from his own negligent actions. Thus, the decision of whether to pay a fireman these benefits rests within the discretion of the municipality, parish, or fire protection district for which the fireman is employed. We further note that by initially combining his request for a writ of mandamus with an alternative claim for declaratory judgment, Smith acknowledged that he had another remedy available by which he could pursue the benefits through ordinary procedure.

Accordingly, we find that the trial court was correct in sustaining Marksville's exception of no cause of action as to the petition for writ of mandamus.

## DISPOSITION

For the reasons assigned herein, we affirm the judgment of the trial court sustaining the exception of no cause of action in favor of the City of Marksville and Mayor John H. LeMoine. Costs of appeal are assessed to Brandon L. Smith.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

4