858 So.2d 4 (2003)
DONNAUD'S INC., Donald J. Donnaud, and Marian T. Donnaud
v.
GULF COAST BANK AND TRUST COMPANY.
No. 03-CA-427.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 2003.
*5 Wayne M. Babovich, Bradley J. Chauvin, Christopher J. Couch, Metairie, LA, for Appellants.
Robert A. Mathis, Newman, Mathis, Brady, Wakefield & Spedale, APLC, Metairie, LA, for Appellee.
Panel composed of Judges JAMES L. CANNELLA, WALTER J. ROTHSCHILD and EMILE ST. PIERRE, Pro Tempore.
JAMES L. CANNELLA, Judge.
Plaintiffs, Donnaud's Inc., Donald J. and Marian T. Donnaud, individually (the Donnauds), appeal from the trial court judgment granting the exception of no cause of action filed by Defendant, Gulf Coast Bank and Trust Company (Gulf Coast). For the reasons which follow, we affirm.
In an earlier proceeding, Gulf Coast filed suit[1] against the Donnauds on three promissory notes which were secured by a collateral mortgage. Summary judgment was granted in favor of Gulf Coast, finding that the outstanding principle due on the three notes was $472,455.33. The judgment also awarded interest due and attorney fees. The Donnauds took a devolutive appeal from that judgment. During the pendency of the devolutive appeal, Gulf Coast seized and sold for $190,000 the Donnauds' property which secured the indebtedness. Thereafter, this Court rendered a decision on the appeal. Gulf Coast v. Donnaud, Inc., 99-1228 (La.App. 5th Cir.4/25/00), 759 So.2d 268. In this Court's decision, the summary judgment was affirmed in part and reversed in part, and the case was remanded for a hearing on interest, attorney fees and a factual conflict concerning a small part of the principal ($18,718.63). The summary judgment was affirmed insofar as it found the remainder of the principle, ($452,836.70)[2] due, and that "plaintiff has the right to collect on the notes." The Donnauds request for a rehearing was denied. The Donnauds did not apply for writs to the Louisiana Supreme Court and the opinion by this Court became final.
On March 7, 2001, the Donnauds filed suit to recover the $190,000 received as a result of the seizure and sale of their property. In the petition they contend that the property was wrongfully seized because the seizure was based on a judgment that was not final. The Donnauds' contend that, because the case was remanded for a hearing on interest, attorney fees and part of the principal, the remainder of the judgment was not final and thus could not form *6 the legal basis for the seizure and sale of their property. The Donnauds attached this Court's opinion to their petition as an exhibit.
In response, Gulf Coast filed an Exception of No Cause of Action and, Alternatively, Motion for Summary Judgment. They contend that the Court of Appeal judgment was final as to $452,836.70[3]. Therefore, the sale price of $190,000, recovered from the seizure and sale of the Donnauds' property, rightfully belongs to Gulf Coast.
Following a hearing, the trial court ruled in favor of Gulf Coast granting the exception of no cause of action and finding that the Donnaud's motion for summary judgment was moot. In reasons for judgment the trial court stated that it "granted the exception because the Fifth Circuit decision affirmed that the principal balance of $453,736.00 is due and secured by the mortgage. The Donnaud's failed to appeal this decision to the Supreme Court and thus it is a final judgment." It is from this ruling that the Donnauds now appeal.
On appeal, in three assigned errors, the Donnauds' contend that the judgment was not final and, therefore, execution of the judgment was improper. More particularly, they argue that the judgment was not final because the trial court retained jurisdiction over further proceedings for which discovery was ongoing. They also argue that the judgment was not final because the total amount due had not yet been determined. Absent a final judgment upon which to base the seizure and sale of their property, they argue that the seizure and sale were improper and that the proceeds recovered therefrom should be returned to them.
Gulf Coast argues, to the contrary, that the execution on the judgment and seizure and sale of the property pursuant thereto were proper. First, the trial court judgment rendered in their favor was final and the Donnauds did not take a suspensive appeal. Therefore, Gulf Coast had every right to execute on the judgment. Moreover, on appeal, this Court affirmed the judgment as to $452,836.70, and expressly affirmed Gulf Coast's right to collect on the notes. That ruling is final. The property only sold for $190,000, over $250,000 short of what was due. Therefore, the Donnauds action for return of the sale proceeds based on wrongful seizure states no cause of action.
Upon review of the record, we agree with the arguments presented by Gulf Coast and find no merit in the Donnauds' arguments. The fallacy in the Donnauds' argument lies in the fact that the Court of Appeal judgment was indeed final as to $452,836.70, which was ruled collectable.
The peremptory exception of no cause of action tests the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the petition. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced by either party to support or to controvert the objection of no cause of action. Id. The exception is triable solely on the face of the petition. However, it is well settled that any annexed documents or exhibits are considered part of the petition, with all well-pled allegations of fact accepted as true. Roy O. Martin Lumber Co. v. Saint Denis Securities Co., Inc., 225 La. 51, 72 So.2d 257, 258-59 (La.1954); Atchley v. Atchley, 97-474 (La.App. 5th Cir.1/14/98), 707 So.2d 458.
*7 The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party. In reviewing a trial court's granting an exception of no cause of action, the appellate court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. City of New Orleans v. Board of Commissioners, 93-0690, p. 2 (La.7/5/94), 640 So.2d 237, 241.
In this case, the Donnauds attached to their petition as Exhibit E the earlier Court of Appeal opinion rendered by this Court. In that opinion, this court affirmed the trial court judgment in part, finding that summary judgment was properly granted as to $452,836.70 as the amount of principal the Donnauds owed Gulf Coast on the notes. This Court also affirmed the trial court finding that the indebtedness was secured by a collateral mortgage on the property that was seized and sold. And, perhaps most importantly, this Court held that "[t]he trial court's finding that the plaintiff [Gulf Coast] has the right to collect on the notes is also affirmed." Rehearing was denied and the Donnauds did not apply to the Louisiana Supreme Court for writs. This decision became final.
The Court of Appeal decision was attached to the Donnauds' petition as an exhibit and, therefore, may be considered in deciding an exception of no cause of action. The Donnauds' petition seeks return of the $190,000 received from the seizure and sale of their property. They can only succeed by showing that the property was wrongfully seized and sold. However, the petition and exhibits attached thereto negate such a showing. To the contrary, they show that a final judicial decision held that $452,836.70 in principal is due on the Donnauds notes in favor of Gulf States, that the indebtedness is secured by a collateral mortgage, and that Gulf States has the right to collect on the notes. Clearly, the petition and the attached exhibits do not state a cause of action for payment by Gulf Coast to the Donnauds of the $190,000 which they received from the seizure and sale of the security.
The Donnauds insist that the seizure and sale were improper because the entire matter is not final, with interest and attorney fees still to be determined as well as a question as to approximately $18,000 of additional principal. However, what the Donnauds overlook in making this argument is that the judgment of their indebtedness in the amount of $452,836.70 was final, as well as the determination that Gulf Coast had the right to collect on that amount.
Accordingly, for the reasons stated above, we find that the Donnauds' petition and exhibits attached thereto fail to state a cause of action against Gulf Coast and the judgment of the trial court granting the exception of no cause of action filed by Gulf Coast in response to the Donnauds' petition is affirmed. Costs of appeal are to be paid by the Donnauds.
AFFIRMED.
NOTES
[1] Suit was actually filed by the Federal Deposit Insurance Corporation (FDIC) and, following the assignment of the notes, Gulf Coast was substituted as Plaintiff.
[2] The total figure in our opinion is $900 less than the amount awarded by the trial court due to a typographical error omitting $900 on the amount due on note two. However, Gulf Coast did not seek correction of the award and the total in our opinion is the amount which is now represented in the final judgment.
[3] Gulf Coast listed the amount in its exception as $453,736.00, but see footnote 2.