| p,JAMES L. CANNELLA, Judge.
The Plaintiff, Marilyn Paternostro, appeals from the trial court ruling in favor of the Defendant, Ocean Technical Services, Inc., granting exceptions of no cause of action and lack of subject matter jurisdiction. For the reasons which follow, we reverse and remand.
The Plaintiff timely filed a petition in the Twenty Fourth Judicial District Court for the Parish of Jefferson, asserting a claim against the Defendant for injuries that she suffered on July 27, 2002, when she slipped and fell on the Defendant’s premises while performing janitorial work. In response to the petition, the Defendant filed “Defendant’s Peremptory Exception of No Cause of Action and Declinatory Exception of Lack of Jurisdiction over the Subject Matter of the Court.” The basis of both exceptions was the contention that the Plaintiff was an employee of Defendant’s and, therefore, her claim for injuries is exclusively within the Louisiana Workers’ Compensation Act, under La. R.S. 23:1201 et seq. The Plaintiff opposed the motion. The parties agreed to forego a hearing and have the matter decided on the petition, exceptions and memoranda. | aAfter submission of the matter the trial court rendered judgment on March 12, 2004 granting the exceptions. It is from this judgment that the Plaintiff appeals.
On appeal the Plaintiff argues that the trial court erred in granting the exceptions. More specifically, she argues that the exception of no cause of action is to be *545 considered solely on the face of the petition and that the petition herein clearly states a cause of action against the Defendant. Moreover, the burden is on the Defendant to prove the grounds of the exception to the court’s jurisdiction and, upon submitting the matter on memorandum, the Defendant did not meet his burden. The evidence that was submitted was done so by the Plaintiff and consisted of the Defendant’s motion for summary judgment filed in response to her workers’ compensation claim. The motion for summary judgment was grounded on the argument, with supporting affidavit, that the Plaintiff was an independent contractor and not an employee of the Defendant’s within the meaning of the Workers’ Compensation Act. The Plaintiff argues that this mandates denial of the exceptions.
The Defendant argues that the Plaintiff accepted a settlement to the workers’ compensation claim and, therefore, she should be barred from asserting the instant tort claim. It argues that her acceptance of the settlement is tantamount to an admission that she was an employee of the Defendant’s. Further, the defense argues that the Plaintiffs “Petition alleges that she was injured in the course and scope of her employment with O-Tech.” On this basis, the Defendant argues that the trial court was correct in granting the exceptions.
It is well settled that the function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. |/Therefore, the court reviews the petition and accepts well pled allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Hall v. Zen-Noh Grain Corp., 01-0324 (La.4/27/01), 787 So.2d 280; Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993); Kuebler v. Martin, 578 So.2d 113 (La.1991); Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975).
In reviewing a trial court’s ruling sustaining an exception of no cause of action, the reviewing court conducts de novo review because the exception raises a question of law. Jackson v. State ex rel. Dept. of Corrections, 00-2882 (La.5/15/01), 785 So.2d 803; City of New Orleans v. Board of Commissioners of the Orleans Levee Dist., 93-0690, p. 29 (La.7/5/94), 640 So.2d 237, 253. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording to the plaintiff the opportunity of presenting evidence at trial. Jackson, supra; Parish of Jefferson v. SFS Const. Group, Inc., 01-1118 (La.App. 5th Cir.2/13/02), 812 So.2d 103, unit denied, 02-0791 (La.5/31/02), 817 So.2d 95.
After reviewing the petition in this ease we find that it states a cause of action upon which relief could be granted. The Plaintiff does not, as argued by the Defendant, state that she was an employee of the Defendant’s at the time she was injured. The petition avoids stating that. The pertinent part of the petition provides:
On and prior to July 27, 2002 petitioner was employed as a janitor with the responsibility of cleaning and maintaining the premises owned by the defendant located at 1140 Peters Road, Harvey, Louisiana in this Parish and State.
On July 27, 2002 while performing her duties as a janitor, petitioner slipped and fell on the premises owned | Bby the *546 defendant resulting in serious and painful personal injuries.
The defendant is strictly liable to petitioner for the above-described incident and the resulting damages because the condition, which caused petitioner’s slip and fall, was unreasonably unsafe condition of which the defendant had actually [sic] constructive notice.
In the alternative, petitioner avers that the sole and proximate cause of her injury and resulting damages was the negligence of the defendant through its agents, employees and or representatives, that consisted of the following, but not exclusive, particulars:
1. In failing to properly maintain and repair the steps and other means of ingress and egress to its commercial building;
2. In failing to warn petitioner of the unreasonably unsafe condition that caused petitioner’s slip and fall and resulting damages;
3. In failing to barricade or cord off the area where the unsafe condition existed so as to prevent petitioner’s slip and fall;
4. Any and all other acts or omissions constituting negligence that will be proven at the trial of this case.
As stated above, every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency. No evidence outside of the petition is to be considered. This petition does not allege or state that the Plaintiff was an employee of the Defendant’s at the time of the accident. As written, the petition allows for the Plaintiff to prove that she was on the Defendant’s premises in a capacity other than as an employee. Thus, we find that, on the face of the petition, the law affords a remedy on the facts alleged, and the exception of no cause of action filed by the Defendant in response to the petition, lacks merit and should have been denied.
On the exception asserting the lack of the court’s jurisdiction over the subject matter, the objecting party may introduce evidence in support of the exception. La. C.C.P. art. 930. However, in this case, none was offered. To the contrary, the record indicates that the parties submitted the matter on the petition, | ^exception and memoranda. Considering the allegations in the petition and the unsupported allegations made in the defense exception and memoranda, we find that the exception should have been denied.
As stated above, the petition does not state that the Plaintiff was an employee of the Defendant’s at the time of her injury. Her cause of action as asserted is in strict liability or negligence. As a tort suit, the Twenty-Fourth Judicial District Court has jurisdiction over the case. La. Const. Art. 5, § 16. While the Defendant alleges in this proceeding that the Plaintiff was his employee at the time of the accident and that, therefore, the Plaintiffs claim comes exclusively within the jurisdiction of the workers’ compensation court, we find nothing in this record to support this contention.[1] Similarly, the defense argues that because the Plaintiff accepted a settlement of her claim in the workers’ compensation court this lawsuit is precluded.[2] However, *547 as with the other argument, there is no evidence in the record to support the argument. Therefore, we find that the exception to the lack of the trial court’s subject matter jurisdiction has no merit and should have been denied.
Accordingly, for the reasons stated above, we reverse the trial court judgment granting the Defendant’s exceptions of no cause of action and lack of jurisdiction over the subject matter of the action and order them denied. The case is remanded for further proceedings consistent with the views expressed herein. Costs of appeal are assessed against the Defendant.
REVERSED AND REMANDED.

. Contrary to the defense argument, the evidence that was in the record shows that the Defendant defended the workers’ compensation claim with a motion for summary judgment and attached affidavit, arguing that the Plaintiff was not an employee but an independent contractor.

. We note that this argument, if provable, might better be raised as a res judicata exception.