JUDE G. GRAVOIS, Judge.
IsPlaintiff has appealed a trial court judgment that granted defendants’ exceptions and dismissed plaintiffs possessory action petition. For the reasons that follow, we affirm in part, reverse in part, vacate in part, and remand the matter to the trial court for further proceedings consistent with this opinion.

PROCEDURAL HISTORY

On December 10, 2012, On Leong Chinese Merchants Association (“On Leong” or “plaintiff’), a Louisiana non-profit corporation, filed a petition entitled “Petition for Possessory Action Relief and Damages,” against AKM Acquisitions, L.L.C. (“AKM”), Aaron K. Motwani, and Marcus L. Giusti, alleging, among other things, that:
• On November 29, 2012, plaintiff was in quiet and uninterrupted possession of three particularly-described tracts of immovable property, being one certain lot located in New Orleans, Orleans Parish, Louisiana, bearing municipal numbers 530, 532, and 534 Bourbon Street, New Orleans, LA, and two additional certain contiguous lots located in Kenner, Jefferson Parish, Louisiana, bearing municipal number 3201 Georgia Avenue, Kenner, LA (collectively, “the subject property”).
• Defendants “engaged in a disturbance in law” of the subject property possessed by plaintiff by “executing, recording, registering and continuing in existence a single instrument [an Act of Sale of the subject |4property from plaintiff to AKM dated November 29, 2012, a copy of which is attached to the petition] which asserts or implies a right of ownership or to the possession, or a claim or pretension of ownership or right to the possession” of the subject property.
• “Executing, recording, registering and continuing in existence the Act of Sale” constituted “a wrongful disturbance in law of [plaintiffs] possession” of the subject property.
• The Act of Sale violated La. R.S. 12:207(D) because plaintiff is a nonprofit corporation and its property can only be sold if a resolution authorizing a sale of the subject property has been approved by the voting members of the corporation. Such a resolution was never passed.
• The statement in the Act of Sale that the president of plaintiff, Chiu Hon Lee,[1] appeared at the Act of Sale “pursuant to a unanimous consent of its Board of Directors” is insufficient to comply with La. R.S. 12:207(D). Chiu Hon Lee was not the president of plaintiff on November 29, 2012 and *94 had been suspended from office and membership in the corporation on November 19, 2012.
• The immovable property in question comprised all of the immovable property possessed by plaintiff. The Act of Sale failed to comply with La. R.S. 12:247(B), “which provides that the sale of substantially all of a solvent non-profit corporation’s immovable property must be approved by a vote of two-thirds of the members present at a meeting called by a notice including such authorization as a purpose of the meeting.”
• None of the persons who signed the corporation’s unanimous board of directors consent resolution to sell the subject property were actually directors.
• The proper procedure was not followed to purportedly amend plaintiffs articles of incorporation on November 25, 2012.
• Plaintiff suffered damages, including the loss of revenues, by the “wrongful disturbance” of its possession of the subject property.
The petition prayed for judgment:
• recognizing, protecting and restoring plaintiffs right to possession, and maintaining plaintiff in possession, of the subject property;
• ordering AKM to assert its adverse claim of ownership of the subject property in a petitory action to be filed within a delay to be fixed by the court, not to exceed sixty days after the date the judgment becomes executory, or be precluded thereafter from asserting the ownership thereof;
Is* awarding plaintiff all damages, and losses of fruits and revenues, caused by AKM, Mr. Motwani and Mr. Giusti’s disturbance of plaintiffs possession of the subject property, and legal interest thereon from date of judicial demand until paid;
• granting plaintiff a preliminary injunction, and a permanent injunction, protecting and restoring plaintiffs possession of the subject property; and .
• awarding plaintiff all costs of this action.
On February 4, 2013, AKM filed peremptory exceptions of:
• no cause of action (asserting that because plaintiff voluntarily transferred possession of the subject property to AKM in consideration of a payment by AKM to plaintiff of $1.8 million, ’there was no disturbance in fact or in law adverse to plaintiffs possession in accordance with La. C.C.P. art. 3660, and as such, AKM is the rightful possessor of the subject property); and
• nonjoinder of a party (asserting that because plaintiff seeks damages and nullification of the Act of Sale by asserting a defect in the title and/or in the Act of Sale, additional parties currently not named in the proceeding need to be joined as parties);
as well as dilatory exceptions of:
• lack of procedural capacity (asserting that because plaintiff voluntarily transferred possession of the subject property to AKM, it lacks procedural capacity to assert possession based upon ownership or title to the subject property);
• nonconformity of the petition to required formalities (asserting that plaintiffs petition does not conform to the requirements of La. C.C.P. art. 891 because plaintiff has failed to establish or otherwise allege that it is in possession of the subject property because it does not allege or deny that it received the $1.8 million in consider *95 ation paid by ARM for the subject property);
• improper cumulation of actions (asserting that plaintiffs petition improperly cumulates a possessory action claim “with what seems to be a petito-ry action” in violation of La. C.C.P. art. 3657, because plaintiff appears to seek nullification of the sale of the subject property to ARM in order to establish a claim for possession thereof); and
• vagueness or ambiguity of the petition (asserting that plaintiffs petition is so vague and ambiguous that it does not provide the nature of the facts to be proved).
On February 4, 2018, Mr. Motwani filed similar peremptory exceptions of no cause of action (but also asserting therein that plaintiff has not stated a cause of faction against Mr. Motwani individually because Mr. Motwani was not then and has never been a possessor of the subject property individually, as he was always acting solely in the capacity of president and member of ARM), and nonjoinder of a party, and dilatory exceptions of lack of procedural capacity, nonconformity of the petition, improper cumulation of actions, and vagueness or ambiguity of the petition.[2]
On February 25, 2013, plaintiff filed an “Amendment to Petition for Possessory Action Relief and Damages.” In this amended petition, plaintiff made the following supplemental allegations:
• ARM and Mr. Motwani bribed Chiu Hon Lee to induce him to make and sign the transaction described by the Act of Sale for a price substantially below the fair market value of the properties by agreeing to pay the total amount of $980,000.00 dollars, consisting of $250,000 cash and $730,000 by promissory note to “Hai Wei Zhang.”
• The Act of Sale is void and contrary to law and should be declared null, set aside, and cancelled.
The amended petition additionally prayed for judgment “declaring the Act of Sale null, setting aside the Act of Sale, and cancelling the Act of Sale.”
In response to the amended petition, ARM and Mr. Motwani filed additional similar supplemental peremptory exceptions of no cause of action and nonjoinder of a party, as well as similar supplemental dilatory exceptions of improper cumulation of actions, and vagueness or ambiguity of the petition. Mr. Motwani also filed additional similar supplemental dilatory exceptions of lack of procedural capacity and nonconformity of the petition.
Defendants’ exceptions came on for a hearing before the trial court on May 22, 2013. At the hearing, ARM’s counsel argued that the relief plaintiff seeks is |7not available in a possessory action. He explained that a possessory action only determines possession of immovable property, and in its pleadings, plaintiff is actually attempting to nullify the Act of Sale to ARM. He specifically argued that what plaintiff has pled “sounds more to me like a petitory action,” and that “[i]f the plaintiff cumulates a possessory and a petitory action, it’s converted to a petitory action and the possessory action is dismissed.”
Mr. Motwani’s counsel agreed, arguing to the trial court that plaintiff filed a pos-sessory action in an attempt to shift the *96 burden of proof to the current possessor of the subject property, to-wit:
[Plaintiff] filed a possessory action in an effort to shift the burden to the current possessors, if you would. And it became very clear to me in their memo in opposition that they asked this court to assume, assume the act of sale is null and void and to let me try the possessory action. But they have to prove that the act of sale is null and void. And, therein, lies the problem. In doing so, that is not a possessory action. That is the petitory action. And that’s why we believe the no cause and the improper cumulation is a proper exception, [sic]
Mr. Motwani further argued that a posses-sory action against him individually is improper since he never possessed the subject property in his individual capacity.
Plaintiffs counsel responded that the filing of the Act of Sale was a disturbance in law of its possession, and that its petition clearly seeks possessory relief, not petitory relief.
At the conclusion of the hearing, the trial court found that a possessory action is the “improper vehicle” to produce the results requested by plaintiff. On May 28, 2013, the trial court signed a partial final judgment granting all of AKM and Mr. Motwani’s exceptions to plaintiffs original and amended petitions, and dismissing plaintiffs original and amended petitions in full as to these defendants.[3] This timely appeal followed.

\ffjAW AND ANALYSIS

Has plaintiff improperly cumulated its alleged possessory action against defendants with a petitory action?

We will first determine whether the trial court erred in granting defendants’ exceptions of improper cumulation of plaintiffs alleged possessory action against defendants by also asserting a pet-itory action of the subject property against defendants in the same suit, and consequently, whether the trial court properly dismissed plaintiffs suit.
“The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiffs ownership.” La. C.C.P art. 3651. If the defendant is in possession of the immovable property at issue, the plaintiff in a petitory action must prove “he has acquired ownership from a previous owner or by acquisitive prescription,” but if the defendant is not in possession, the plaintiff must prove a “better title” than the defendant. La. C.C.P. art. 3653.
Louisiana Civil Code article 481 provides that “[t]he ownership and the possession of a thing are distinct.” Ownership is the “right that confers on a person direct, immediate, and exclusive authority over a thing.” La. C.C. art. 477. Possession, rather, connotates “the detention or enjoyment of a corporeal thing, movable or immovable, that one holds or exercises by himself or by another who keeps or exercises it in his name.” La. C.C. art. 3421. In recognition of this distinction between possession and ownership, La. C.C.P. art. 3657 provides, in pertinent part, that “[t]he plaintiff may not cumulate the petitory, and the possessory actions in the same suit or plead them in the alternative, and when he does so he 13waives the possessory action,” *97 and that if the plaintiff brings or institutes a possessory action and a petitory action in the same suit, “the possessory action is abated.” Comment (a) of this Article instructs that this rule is “intended to keep the trial of the issues of possession and ownership as separate as possible,....” In a possessory action, the ownership or title of the parties to the subject immovable property is not at issue. La. C.C.P. art. 3661. Once the possessory action is waived or abated under these circumstances, the matter obviously proceeds as a petitory action.
In the present case, in brief on appeal, defendants argue that plaintiffs case “is about ownership of property, not mere possession,” and further that by “requesting nullification [of the Act of Sale], Plaintiff seeks more than simple possession; Plaintiff seeks return of ownership of the immovable property at issue.” (Emphasis in original.) Defendants further argue that plaintiff has acted improperly “by alleging a possessory action while at the same time seeking to be returned as owner of the immovable.” (Emphasis in original.) Particularly, defendants show that in its petitions, in addition to its possessory action allegations, plaintiff also seeks nullification of the Act of Sale for “lack of On Leong’s consent,” and further, that plaintiffs amended petition alleges that “[t]he Act of Sale is void and contrary to law. The Act Sale should be declared null[,] set aside, and cancelled.” Defendants also point out that plaintiff also prays in its amended petition that the Act of Sale to AKM be declared null, set aside, and can-celled. Defendants conclude that “the result of nullification of the Act of Sale has one very significant consequence — ownership of the immovable property is returned to Plaintiff.”
Although plaintiff argues in reply that in its original and amended petitions, it only asserted a cause of action for a pos-sessory action against defendants and not |Tna petitory action, we agree with defendants’ contention that the allegations contained in plaintiffs original and amended petitions show otherwise. As noted above, in its petitions, in addition to its possesso-ry action allegations, plaintiff also seeks nullification of the Act of Sale for lack of plaintiffs consent. Further, plaintiffs amended petition alleges and prays that the Act of Sale to AKM be declared null, set aside, and cancelled. By making such allegations and praying that the Act of Sale be declared null, set aside, and can-celled, plaintiff is in essence asking the court to recognize it as the owner of the subject property, which is precisely the purpose and goal of a petitory action. As such, plaintiff has waived its alleged pos-sessory action. Accordingly, upon review, we agree with defendants’ arguments that plaintiff has improperly cumulated a pos-sessory action and a petitory action in the same suit, in direct violation of La. C.C.P. art 3657, and as a result thereof has waived its alleged possessory action. The possessory action is thus abated.
Our inquiry does not end there, however. Although plaintiff has waived its alleged possessory action, the matter must now obviously proceed as a petitory action. As such, although the trial court did not err in granting defendants’ exceptions of improper cumulation, we find that the trial court erred in dismissing the matter in its entirety. Accordingly, we affirm the trial court’s granting of defendants’ exceptions of improper cumulation of actions, reverse the trial court’s dismissal of this matter in its entirety, and remand the matter for further proceedings consistent with this opinion.

Review of other exceptions fíled by defendants.

At the conclusion of the hearing on the exceptions on May 22, 2013, the 'trial court *98 gave the following oral reasons for judgment:
Ini think a possessory action, as this suit is, is the improper vehicle to produce the results that the plaintiffs [sic] want. I’m going to maintain the exceptions.
In its written judgment signed on May 28, 2013, the trial court granted all of defendants’ exceptions and dismissed plaintiffs suit in its entirety.
First, our finding that plaintiff has improperly cumulated a possessory action with a petitory action in the same suit (and thus resulting in the waiver and abatement of plaintiffs alleged possessory action claim) renders review of defendants’ exceptions of no. cause of action moot with respect to plaintiffs alleged possessory action claim. Further, considering the particular and peculiar facts, circumstances and current procedural posture of this case, and in light of the fact that the matter is being remanded for prosecution as a petitory action, in the interest of justice, we further vacate the trial court’s grant of defendants’ exceptions of nonjoin-der of a party, lack of procedural capacity, nonconformity of the petition, and vagueness or ambiguity of the petition, so as to allow defendants the opportunity to reurge these exceptions on remand if so desired within the context of plaintiffs petitory action claims against defendants.

CONCLUSION

In conclusion, for the reasons assigned herein:
• the trial court’s grant of defendants’ exceptions of improper cumulation of actions is hereby affirmed;
• the trial court’s dismissal of plaintiffs suit in its entirety is hereby reversed; and
• the trial court’s grant of defendants’ exceptions of nonjoinder of a party, lack of procedural capacity, nonconformity of the petition, and vagueness or ambiguity of the petition, is hereby vacated so as to allow defendants the opportunity to reurge these exceptions on remand if so desired within the context of plaintiffs petitory action claims against defendants.
112This matter is remanded to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; VACATED IN PART; REMANDED.

. Mr. Lee’s first name is stated as either "Chiu” or "Chin" in various places in the record. For the sake of consistency, we will use "Chiu” as his first name in this opinion.

. The lessee/sublessee and the personal guarantor of the leases on the subject Bourbon Street property intervened in this matter, seeking to maintain their rights under their leases of the subject Bourbon Street property. Their intervention was dismissed, however, in the trial court's judgment under review. These parties have not appealed the judgment and thus are not parties to this appeal.

. Mr. Giusti answered the petition and thus is not directly affected by the trial court’s rulings on AKM and Mr. Motwani’s exceptions.