PER CURIAM.
| iWrit granted. For the following reasons we reverse the rulings of the lower courts and remand to the trial court for further proceedings. Louisiana Code of Civil Procedure article 3654 provides:
When the issue of ownership of immovable property or of a real right therein is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right therein is so presented, the court shall render judgment in favor of the party:
(1) Who would be entitled to the possession of the immovable property or real right therein in a possessory action, unless the adverse party proves that he has acquired ownership from a previous owner or by acquisitive prescription; or
(2) Who proves better title to the immovable property or real right therein, when neither party would be entitled to the possession of the immovable property or real right therein in a possessory action.
Louisiana Code of Civil Procedure article 3657 provides:
The plaintiff may not cumulate the peti-tory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the posses-sory action is abated.
When, except as provided in Article 3661(l)-(3), the defendant in a possesso-ry action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and 1 ¿judicially confesses the possession of the plaintiff in the possessory action.
If, before executory judgment in a pos-sessory action, the defendant therein institutes a petitory action in a separate suit against the plaintiff in the possesso-ry action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein.
Plaintiff in this matter has carefully not asserted title or pleaded the petitory action. Plaintiff claims possession and alleges its possession has been disturbed by the filing in the public records of an Act of *1206 Sale which it alleges should not be given legal effect. Plaintiff is entitled to have its possessory action heard on the merits.
Accordingly, the rulings of the lower courts are reversed, and the defendants’ exceptions, including that of improper cu-mulation of actions, are denied, and the matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
WEIMER, J., would grant and docket,