STEPHEN J. WINDHORST, Judge.
| aPlaintiff appeals ’from the trial court’s ruling granting defendahts’ exceptions ’ of no cause of action and dismissing its petition with prejudice. For the following reasons, we affirm the judgment of the trial court.
This is. plaintiffs second appeal. Plaintiff, On Leong Chinese Merchants Association (“On Leong”), a Louisiana non-profit corporation, filed a possessory action against defendants, AKM Acquisitions, L.L.C. (“AKM”). Aaron Motwani, and Marcus Guisti, contending that defendants had disturbed its peaceable possession of three, tracts of immovable property which it had peacefully possessed for more than one year.
' In its petition,- On Lé'ong contended that defendants entered into a fraudulent and invalid Act of Sale of the property at issue, which defendahts knew or should have known, was invalid,[1] and that the defen *82 dants recorded this invalid Act of |4Sale, which wrongfully disturbed On Leong’s possession of the property. On Leong sought to have its right of possession restored and to have AKM assert its adverse claim of ownership of the immovable property in a separate petitory action. On Leong also sought damages for defendants’ disturbance of its peaceable possession. In an amended petition, On Leong specifically sought the nullification of the Act of. Sale.[2]
Thereafter, AEM and Mr. Motwani filed numerous peremptory and dilatory exceptions, including exceptions of no cause :of action, nonjoinder of a party, lack of procedural capacity, vagueness and/or ambiguity, nonconformity with the- formalities of the petition, and improper cumulation of actions, while Mr. Guisti filed an answer to the petition and amending petition. The trial court maintained all the exceptions, and dismissed On Leong’s petition and amended petition. On appeal, this court determined that the exception of improper cumulation was properly maintained. However, this court concluded that the trial court erred in dismissing the matter in its entirety, as the petition substantively asserted a petitory action. As such, On Leong had improperly cumulated a posses-sory action and a petitory action in the same suit in violation of La. C.C.P. art. 3657, and thus waived its claimed posses-sory action. This court therefore found the exception of no cause of action to be moot, and we remanded the matter for prosecution of the petitory action. This court further vacated the trial court’s rulings on the remaining exceptions, reserving to defendants the right to reurge-these ■exceptions on remand within the context of the petitory action. On Leong Chinese Merchants Association v. AKM Acquisitions, LLC, 13-658 (La.App. 5 Cir. 2/12/14), 136 So.3d 92.
[fiOn writ of review, the Louisiana Supreme Court reversed this court’s decision, stating that:
Plaintiff in this matter has carefully not asserted title or pleaded the petitory action. Plaintiff claims possession and alleges its possession has been disturbed by the'filing in the püblic records of an Act of Sale which it alleges should not be give'n legal effect. Plaintiff is entitled to have its possessory action heard on the merits. (Emphasis in original.)
The Court decreed that “Accordingly, the rulings of the lower courts are reversed, and the defendants’ exceptions, including that of improper cumulation, of actions, are denied, and the matter is remanded to the trial court for further proceedings.” On Leong v. AKM Acquisitions, LLC, 14-533 (La.5/2/14), 137 So.3d 1205, 1205-6 (per curium). A rehearing was granted to allow the Supreme Court to clarify “that only the exception of improper cumulation of actions was before [the] court.” The Supreme Court'again decreed that “The rulings of the lower courts are reversed, the-exception [of improper cumulation of actions] is denied, and the matter is remanded to the trial court for further proceedings.” Id.
After the case was reipanded, On Leong filed a second amending petition, alleging that defendants recorded the Act of Sale in both- the Jefferson Parish and Orleans Parish conveyance records. On Leong as *83 serted that AKM and Mr. Motwani took physical possession of one tract of land immediately after recordation by changing the locks. They took possession of another tract by threatening On Leong’s lessees with eviction if they failed to pay rent to AKM instead of On Leong. On Leong also clarified its cause of action 'against Mr. Guisti by contending that he prepared a fraudulent Unanimous Board Consent which contained forged signatures, and that he drafted and filed unauthorized amended Articles of Incorporation on behalf of On Leong.
|fiBoth AKM and Mr. Motwani filed exceptions of no cause of action; Each exception was heard separately, and the trial court granted each exception, dismissing On Leong’s claims, with prejudice. In its second judgment, rendered in favor of Mr. Motwani, the trial court stated that “The underlying issue in this case has been the validity of the Act of Saie that transferred ownership between the parties. As such, a possessory action is inappropriate, and there lies no cause of action for such claim.” This appeal followed.
On Leong’s sole assignment of error on appeal is that the trial court erred in sustaining the exceptions of no cause of action filed by AKM and Mr. Motwani, dismissing all claims raised in its petitions. On Leong argues that the Louisiana Supreme Court stated that it was entitled to have its possessory action heard on the merits. On Leong also argues that -its petition clearly states a cause of action in that it pleads facts that establish the four elements of a possessory action under La. C.C.P. art. 3658, or alternatively that it states a cause of action for nullification of the Act of Sale under La. C.C. art. 2029.
The purpose of the exception of no cause of action is to test the legal sufficiency of a pleading by determining whether the law affords. a remedy on the facts alleged in the pleading. Kinchen v. Livingston Parish Council, 07-478 (La.10/16/07), 967 So.2d 1137, 1138. No evidence may be introduced to support or controvert the objection- that the petition fails to state a 'cause of action. La. C.C.P. art. 931. The exception is triable on the face-of the petition, with the well-pleaded facts in the petition, any exhibits attached to the petition, accepted as true for the purpose of determining the issues raised by the exception. Donnaud’s Inc. v. Gulf Coast Bank & Trust Co., 03-427 (La.App. 5 Cir. 9/16/03), 858 So.2d 4, 6.
Every, reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and. affording to the plaintiff the ^opportunity of presenting evidence at trial. . Paternostro v. Ocean Tech. Servs., 04-515 (La.App. 5 Cir. 10/26/04), 887 So.2d 543, 545. A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Kinchen, supra. The ruling on an exception of no cause of action is subject to a de novo review, because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition. Kinchen, supra.
La. C.C.P. art. 3655 provides that “The possessory action is one brought by the possessor of immovable property or of a;real right therein to be maintained in his possession of the property or enjoyment of the right when he has -been disturbed, or to be restored to the possession or enjoyment thereof when he has been' evicted.” La. C.C.P. art. 3658 sets forth the elements for a possessory action: (1) possession of the immovable property or real right therein at the time the disturbance *84 occurred; (2) quiet possession, without interruption for more than a year immediately prior to the disturbance, unless evicted,by-force or fraud; (3) a disturbance in either fact or, in law; and (4) the possesso-ry action , was instituted within one year of the disturbance. However, “A person loses the light to possess immovable property either voluntarily, by transferring or abandoning the property, or involuntarily, by being evicted or expelled for more than a year or by acquiescing in a-third-party’s usurpation for, more than a year.” Bd. of Trs. v. Revelation Knowledge Outreach Ministry, LLC, 13-814 (La.App. 5 Cir. 05/28/14), 142 So.3d 353, 358.
In this case, the petitions filed by1 On Leong allege that AKM obtained possession of the property by a fraudulent Act of Sale which was recorded in mortgage and conveyance offices. On Leong contends that' the Act of Sale |8constitutes disturbance in On Leong’s quiet possession of the property. On Leong prays that the Act of Sale be declared null and void, and that possession of the property- be returned to it. ■
La. C.C.P. art. 3661 provides that: In the possessory action, the ownership or title of the parties to the immovable property or real right therein is not at issue. No evidence of ownership or title to the immovable property or real right therein shall be admitted except to prove:.
(1) The possession thereof by a party as owner;
(2) The extent of, the .possession thereof by a party; or
(3) The length of time in which -a party-and his ancestors in title have had possession thereof.
Thus, in a possessory action,' the court “cannot go into -an investigation of the title” - of the parties. Revelation Knowledge Outreach Ministry, LLC, supra at 362, citing Producers Oil Co. v. Hanszen, 132 La, 691, 61 So. 754, 757 (1913). A party’s deeds of title are relevant in a possessory action only for the limited purposes enumerated under La. C.C.P. art. 3661 to show the extent of .the party’s possession. Revelation Knowledge Outreach Ministry, LLC, supra at 362.
Although On Leong carefully worded its petition as one for disturbance - of possession, it is clear that- in its petition On Leong seeks nullification of-the recorded Act of Sale that transferred ownership of the property from On Leong . to AKM, which necessarily requires a determination of the validity of the title to the property. .Only if the court found that the Act of Sale, and therefore title to the property, was fraudulently obtained, could it annul the Act of Sale and return possession of the immovable property in question. On Leong contends that the Act of Sale constitutes a disturbance in possession. However, a sale of immovable property almost always amounts to a disturbance of possession of the seller of the property.
|nFinally, On Leong argues that the Louisiana Supreme Court’s statement that it was. “entitled to have its possessory action heard on the merits,” should be interpreted to require the trial court to deny the defendants’ exception of no cause of action. The Court, in rehearing, made' it clear' that it only considered the exception of improper cumulation of actions, and not the other exceptions raised by defendants. The Court only determined that the pos-sessory action had not been waived and that it should proceed as any other cause, including consideration of exceptions filed.
Accepting the well-pleaded facts of the petition as true, On Leong contends that AKM acquired possession by virtue of a fraudulent sale, and that the Act of Sale was duly recorded in the conveyance files, thereby admitting that AKM has title to the property. On Leong prays that the *85 sale be set aside and it be restored to possession. According to La. C.C.P. art. 3661, a court cannot consider the validity of title in a possessory action. We therefore conclude that, on the face of the petitions filed by On Leong, it has failed to state a cause of action for return of possession of the property at issue.
For the above discussed reasons, the judgment of the trial court granting the exceptions of no cause of action and dismissing plaintiffs suit with prejudice is affirmed. Costs are assessed against plaintiff.
AFFIRMED.

. On Leong claims that the Act of Sale failed to comply with various statutory requirements pertaining to a non-profit’s sale of immovable property and violated its Articles of Incorpo *82 ration because the board of director's purported consent resolution for the "sale was fraudulent.

. In the amended petition, On Leong claimed that AKM and Mr. Motwani bribed Mr. Chiu Hon Lee, who signed the Act of Sale as president and on behalf of On Leong, to accept a price substantially below the fair market value of the properties.