JOHNSON, J.,
dissents with reasons.
I ml respectfully disagree with the majority and would reverse the. trial court’s ruling which sustained the exceptions of no cause of action.
As stated by the majority, the purpose of an exception of no cause of action is to test the legal-sufficiency of a pleading by determining whether the law affords a remedy on the facts alleged in. the pleading.[3] The facts alleged in the petition, and any exhibits attached to the petition, áre accepted as true for purposes of determining an exception of no cause of action.[4]
A possessory action is brought by the possessor of immovable- property who seeks to maintain his possession when his possession has been disturbed or who seeks to be put back into possession when he has been evicted.[5] The purpose of a possessory action is to protect possession.[6] La. C.C.P. art. 3658 sets forth four elements required for a possessory action: (1) possession of the immovable property at the time the disturbance occurred; (2) quiet possession, without • interruption for more than a year immediately,-prior-to the disturbance; . (3) a -disturbance either in fact or law; .and (4) the possessory action was instituted within one year, of the disturbance.
InA review of On •Leong’s petition, amending petition and second amending petition, show that the petition sets forth all of the elements of a possessory action required, by Article 3658. SpecificaEy, On Leong. alleged that at the time of the disturbance it was.- in possession of three tracts of immovable property; that such possession had continued without interruption for more than a year before the disturbance; that the disturbance was both in fact (the changing of door locks on the building used by On Leong on the property) and in law (the recording of a fraudulent Act of Sale' in the conveyance records); and that the suit was filed within one year of the disturbance. This is all that, is necessary to assert a' possessory action.
.Defendants argue that On Leong cannot state a cause of action for a possessory action because the. Act of Sale, attached to the petition, shows that On Leong sold the property to AKM. As such, Defendants maintain there can be no disturbance in law. Defendants argue that On Leong cannot use a possessory action to protect its possession of property it sold. Defendants argument ignores the fact that On Leong alleged that the Act of Sale was fraudulent and without effect. Considering the allegation as true, which we must do for purposes of an exception of no cause of action, there was no valid transfer of ownership and thus, On Leong has suffi *86 ciently alleged a disturbance in law for a possessory action by alleging the recordation of a fraudulent Act of Sale. Whether On Leong can sufficiently prove a disturbance in law, i.e. a fraudulent Act of Sale, is not an issue to be considered on an exception of no cause of action.
Defendants’ argument in support of its exceptions of no cause of action again urges that this matter is, in effect, a peti-tory action because On Leong is seeking to be declared owner of the property by nullification of the Act of Sale. However, in reversing our prior decision in this case wherein we found On |12Leong had improperly cumulated a possessory action and a petitory action in the same suit in violation of La. C.C.P. art. 3657 thus waiving its alleged possessory action, the Louisiana Supreme Court explicitly stated that On Leong “has carefully not asserted title or pleaded the petitory action.”[7] The supreme court further stated that On Leong is entitled to have its possessory action heard. In so finding and despite its clarification on rehearing that it only reviewed the issue of improper cumulation of actions, the supreme court necessarily found On Leong’s petition stated a cause of action for a possessory action, as evidenced by its directive that On Leong “is entitled to have its possessory action heard on the merits.”[8] Despite our initial agreement with Defendants and the trial court that this matter resounds as a petitory action, I believe we are constrained by the supreme court’s earlier ruling.
For these reasons, I would reverse the trial court and overrule the exception of no cause of action.

. Kinchen v. Livingston Parish Council, 07-748 (La. 10/16/07); 967 So.2d 1137, 1138.

. Donnaud’s Inc. v. Gulf Coast Bank & Trust Co., 03-427 (La.App. 5 Cir. 9/16/03); 858 So.2d 4, 6.

. La. C.C.P. art. 3655.

. Todd v. La., 474 So.2d 430, 432 (La.1985).

. On Leong v. AKM Acquisitions, LLC, 14-533 (La.5/2/14); 137 So.3d 1205 (per curiam).

. id.